UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

FILED BY _____ D.C.

DEC 19 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

NATHALIE JIMENEZ
   Plaintiff.

Case No. 16-61094

-v-

ACCOUNT SERVICES
   Defendant.

**PLAINTIFF'S, RESPONSE TO DEFENDANT'S
MOTION TO DISMISS SECOND AMANDED COMPLAINT**

     **COMES NOW**, Plaintiff, NATHALIE JIMENZ hereby submits her response in opposition to Defendant's Second Motion to Dismiss and further states as follows:

## INTRODUCTION

1. This case arises from unlawful debt collection attempts directed at Plaintiff by Defendant, ACCOUNT SERVICES, as alleged, violated the Fair Debt Collection Practices Act, 15 U.S.C., Section 1692, et. seq. (hereinafter, "FDCPA"), the Florida Consumer Collection Practices Act, Florida Statutes, § 559.55 et seq. (hereinafter, "FCCPA") and For violations of Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681.

## BACKGROUND

2. The debt in question as alleged is consumer debt (hereinafter the "Debt") related to a Medical bill.

3. Plaintiff has no prior or present established relationship with Defendant.

4. Plaintiff has no contractual obligation to pay Defendant.

5. On or about January 14, 2016 Plaintiff ordered all 3 credit reports only to find out defendant reporting negative information in all 3 credit reporting agencies, Experian, TransUnion and Equifax with an amount balance of **$123.45.**

6. On about January 19, 2016 Plaintiff sent a debt validation letter by **certified mail** Defendant failed to response to debt validation letter and continue collection activity by reporting negative information on my credit report.

7. On or about January 19, 2016 Plaintiff sent 3 dispute letters to credit reporting Agencies Experian certified mail # **7015 3010 0001 6188 4487,** TransUnion certified mail # **7015 3010 0001 6188 4494** and Equifax certified mail # **7015 3010 0001 6188 4500**

8. On about April 05, 2016 Plaintiff sent a certified dispute letter to Equifax, Experian and TransUnion, Defendant still attempting to collect the alleged debt.

9. On about April 12, 2016 Plaintiff sent a second debt validation letter **CERTIFIED MAIL #7015 3010 0001 6194 4822**

10. On or about April 25, 2016 Plaintiff received a letter from Defendant with my name, address, account number and balance amount $123.45 bottom of page mini Miranda **"THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."** Defendant did not validate the debt and still continue collection activity.

11. On about May 10, 2016 Plaintiff sent a debt validation letter **CERTIED MAIL 7015 0001 6195 3787** to Defendant

12. On about May 12, 2016 Plaintiff sent a notice of Intent to litigate to the Defendant certified mail an effort to mitigate damages and settle all claims prior to litigation.

13. On or about May 28, 2016 Plaintiff received a letter from Defendant with my name, address, account number balance of 123.45 and stated the account has been deleted on the bottom stated mini Miranda " **THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."**

14. On or about August 16, 2016 Plaintiff filed amended complaint against Defendant.

15. On or about December 05, 2016 Defendant filed Second Motion to Dismiss Plaintiff's Second amended complaint for failure to
State a Claim.

16. Defendant's argument in support of its Second Motion to Dismiss Plaintiff's claims for fail to state a claim under the FDCPA, the FCCPA and FCRA. Plaintiff's complaint fails to allege the threshold elements necessary to state a claim under the Fair Debt Collection Practices Act("FDCPA"), and Florida Consumer Collection Practices Act. "(FCCPA"), as she allege facts sufficient to show that the underlying obligation arises from a consumer obligation. Plaintiff also fails to state a claim under the Fair Credit Reporting Act ("FCRA") since debt collection activity

is a permissible use for accessing consumer credit report. Therefore, Plaintiff's Second Amended Complaint should be dismissed.

17. Plaintiff disagrees that the claims in the instant case fail to state a claim under the FDCPA, FCCPA and FCRA as alleged in the instant Second Amended Complaint.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order denying Defendant's Second Motion to Dismiss. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff respectfully asks the Court to grant leave to amend her Complaint.

## MEMORANDUM OF LAW

To survive a motion to dismiss, the plaintiff's complaint must set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P., Rule 8(a)(2); *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1974. Dismissal is appropriate only if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Id.* at 1974. The complaint must apprise the defendant of "what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 553 F.3d 1206, 1214 (1 Cir. 2010) (internal quotation omitted). The complaint only needs to satisfy what the Eleventh Circuit describes as the "liberal pleading standard." *Id.* And, when considering a motion to dismiss under Rule 12(b)(6), the court must accept all of the plaintiff s allegations as true in determining whether the plaintiff has met its burden of stating a claim for which relief can be granted. *Holtzman v. BIE Aerospace, Inc.* 2008 WL 214715m at * I (S.D. Fla. Jan. 24, 2008). The examination is limited to the <u>four comers of the complaint</u>. *Keating v. City of Miami*, 598 F.3d 753, 761 (11th Cir. 2010); *see also Homes By Deramo, Inc. v. Mid-Continent Cas. Co.*, 661 F. Supp. 2d 1281, 1288 (M.D. Fla. 2009). In a Federal Rule of Civil Procedure 12(b)(6) review, the court must limit its consideration to the complaint, the documents attached to it as exhibits, documents which are incorporated into the complaint by reference, and the matter upon which the court is permitted to take judicial notice of. *Seoul Broad Sys. Int'l, Inc.*,2010 WL 2035137, *2 (M.D. Fla. May 21,2010) (citing *Tellabs, Inc. v. Makar Issues & Rights, Ltd.*, 551 U.S. 308, 323, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).

"When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). "Only if no

possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 04 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

### THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER DEBTORS.

The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107, 1117 (20th Cir. 2002).

### THE FDCPA BROADLY PROHIBITS UNFAIR OR UNSCONSIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPRESSESOR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THECOLLECTION OF A DEBT.

The Fair Debt Collection Practices Act. ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debt by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.

15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## ARGUMENTS AND AUTHORITIES

Defendant stated Plaintiff does not allege any facts regarding the nature of the debt at issue. Instead, Plaintiff merely cites to the statute and made a legal conclusion regarding the debt, without any underlying factual support. defendant also stated Plaintiff references an agreement creating the debt, but does not provide any additional details regarding the same.

The FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary. (Milton v. LTD Fin. Serv. Inc., WL 291363 (S.D. Ga. Jan, 25 2011).

The FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e specifically "(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action". And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA broadly prohibits any false deceptive or misleading statements, in connection with the collection of a debt such as "(5) The threat to take any action that cannot legally be taken or that is not intended to be taken" ... *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order denying Defendant's Second Motion to Dismiss. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff respectfully asks the Court to grant leave to amend her Complaint.

Defendant stated in order to state a claim under 15 U.S.C. 1681 (f) a consumer must allege facts showing each of the following (i) that there was a consumer report, (ii) that defendant used

or obtained it, (iii) that they did so without a permissible statutory purpose, (iv) that they acted with the specified culpable mental state. cited Shepherd-Salgado v. Tyndall Fed. Credit Union, CIV A.11-0427-WS-2011 WL 5401993

When you read the FCRA rules and regulations

FCRA § 604 – [15 U.S.C. § 1681b]

(a) In general. Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1). In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2). In accordance with the written instructions of the consumer to whom it relates.

(3). To a person which it has reason to believe

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer, or

    Plaintiff has no prior or present established relationship with Defendant, and Defendant have never extend credit to Plaintiff. The Fair Credit Reporting Act is not necessary in this Response to outline exactly how the Defendant's actions violated the law. Defendant's own action does this quite effectively by removing the negative account from Plaintiff's credit report because defendant couldn't validate the debt, if Defendant had the right to be in Plaintiff's credit report they could have easily validate the debt. Unfortunately this fact seemed to escape the attention of the Defendant. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

## V. CONCLUSION

The Second Amended Complaint specifies that the Defendant attempted to collect on a consumer debt with detailed allegations on how they violated the various statutes. Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies his burden of pleading under the FCRA, FCCPA, in addition to the FDCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's complaint does state a claim under FDCPA and FCCPA and his claims should therefore survive dismissal.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court deny Defendants' Second Motion to Dismiss, and for any such other relief as the Court deems appropriate. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff respectfully requests the Court to grant leave to amend her Second Amended Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to all parties listed below by the method indicated for each party.

Done this 19 day of December, 2016

HINSHAW & CULBERTSON LLP (by mail)

2525 Ponce de Leon Blvd 4th floor

Coral Gables, Florida 33134

Respectfully submitted,

_____
Nathalie Jimenez